1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ALLEN HAMMLER,                          No.  2:15-cv-1645-EFB P[1]

12              Plaintiff,

13        v.                                 ORDER AND FINDINGS AND
                                             RECOMMENDATIONS
14   J. WRIGHT,

15              Defendant.

16

17        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  He alleges that defendant violated his rights by using excessive force against him.

19   ECF No. 1.  Five motions are now pending before the court.  First, plaintiff has moved to amend

20   his complaint.  ECF No. 15.  Second, defendant has moved for summary judgment on the grounds

21   that plaintiff failed to exhaust his administrative remedies prior to bringing this suit and that his

22   claims are *Heck*-barred.[2]  ECF No. 17.  Third, defendant has moved for a protective order staying

---

[1] Defendant did not respond to the court's order directing him to complete and return the form indicating either his consent to jurisdiction of the magistrate judge or request for reassignment to a district judge.  Accordingly, the clerk will be directed to randomly assign this case to a district judge.

[2] Referencing the Supreme Court's holding that

[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the

1

1   discovery until the court rules on both of the foregoing motions.  ECF No. 18.  Fourth, defendant

2   has moved to strike plaintiff's surreply to the pending motion for summary judgment. ECF No.

3   31. Fifth, plaintiff has filed a motion to schedule a telephone interview with a witness.  ECF No.

4   32.  After review of the record and, for the reasons stated below, plaintiff's motion to amend is

5   granted, defendant's motion to strike is granted, defendant's motion for protective order is denied

6   as moot, plaintiff's motion for a telephonic interview is denied, and it is recommended that

7   defendant's motion for summary judgment be denied.

8   **I.      Plaintiff's Complaint**

9         Plaintiff alleges that, on October 20, 2014 and while incarcerated at High Desert State

10   Prison, he was issued a quarterly package by the defendant.  ECF No. 1 at 3.  He claims that

11   defendant illegally confiscated a bag of cereal from that package, however.  *Id*. at 3-4.  Plaintiff

12   asked defendant to return the item, but was rebuffed with an instruction to return to his cell.  *Id*. at

13   4.  Plaintiff refused that instruction, asked to speak with the sergeant on duty, and seated himself

14   on a nearby bench.  *Id*. at 4-5.  After plaintiff refused two additional instructions from defendant

15   to return to his cell, he claims that defendant threw him on the ground and placed a knee on his

16   neck.  *Id*. at 5.  Plaintiff claims that he never physically resisted during the altercation and that the

17   degree of force defendant used to restrain him was excessive.  *Id*. at 5-6.

18         Thereafter, plaintiff was assessed a disciplinary violation which charged that he had risen

19   from the bench and advanced toward defendant prior to the use of force.  *Id*. at 6.  Plaintiff

20   disputed this version of events at his disciplinary hearing, but was nevertheless found guilty of the

21   charges.  *Id*.  As a result, he lost ninety days credit for time served.[3]  *Id*.

22

23         conviction or sentence has been reversed on direct appeal, expunged by executive
            order, declared invalid by a state tribunal authorized to make such determination,
24         or called into question by a federal court's issuance of a writ of habeas corpus, 28
            U.S.C. § 2254.
25

26   *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).

27         [3] Plaintiff also lost ninety days of recreation yard access and was referred for institutional
     review as a "program failure," but these punishments are not relevant to the immediate action.
28   ECF No. 1 at 6.

## II.        Plaintiff's Motion to Amend

Plaintiff states that, at the time he began this action, he could not access certain relevant documents because he was housed in administrative segregation.  ECF No. 15 at 2.  As a result, he contends that his original complaint contains omissions which the amendment is designed to correct.  *Id*.  Defendant opposes the motion to amend based on four arguments, namely that: (1) plaintiff may not amend as a matter of course; (2) defendant would be prejudiced by the amendment; (3) amendment would be futile; and (4) amendment would cause undue delay.  ECF No. 16 at 2-5.  The court, after review of the proposed amendment and defendant's arguments, concludes that leave to amend must be granted.

Defendant is correct insofar as he argues that plaintiff cannot amend his complaint as a matter of course.  Rule 15(a)(1) provides that a party may amend a pleading once as a matter of course within either twenty-one days of serving it or twenty-one days of a responsive pleading being served.  Fed. R. Civ. P. 15(a)(1).  Defendant filed his answer on October 26, 2015 and plaintiff did not move to amend until November 20, 2015.  ECF No. 12; ECF No. 15.  Nevertheless, a party may still amend with leave of the court.  Fed. R. Civ. P. 15(a)(2).  Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires," and the Ninth Circuit has directed courts to apply this policy with "extreme liberality."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  When determining whether to grant leave to amend under Rule 15(a)(2), a court should consider the following factors:  (1) undue delay, (2) bad faith, (3) futility of amendment, and (4) prejudice to the opposing party.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion.  *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

Here, there is no indication that plaintiff, who is appearing *pro se*, made this filing in bad faith.  Defendant argues, however, that the amendment would cause undue delay insofar as the court would be required to screen the new allegations.  ECF No. 16 at 5.  The amendment does

/////

/////

3

1   not new add claims[4] or defendants, however, and the screening burden on the court is minimal.

2   The court also disagrees that the case would be "set back weeks, if not months." *Id*.  Plaintiff's

3   excessive force claim has not undergone any meaningful, substantive change as a result of the

4   amendment.

5        Next, defendant argues that the amendment would be futile insofar as plaintiff has not

6   advanced any facts which support a finding of excessive force.  ECF No. 16 at 4.  The court

7   disagrees.  Plaintiff's allegations establish that he was in a seated position and had offered to

8   allow himself to be restrained when defendant took him to the floor.  ECF No. 14 at 6. If

9   plaintiff's version is taken as true, there was no reason for doing so.  Plaintiff also alleges that

10  defendant placed a knee on his back and rocked back and forth in an attempt make him squirm.

11  *Id*. at 7.  Again, if plaintiff's account is true, there was no justification for doing so.  Granted,

12  these allegations are unproven, but just as in ruling on a Rule 12 (b)(6) motion the court accepts

13  them as true in evaluating defendant's futility argument.

14       Finally, the court finds that granting plaintiff leave to amend would not prejudice

15  defendant.  Curiously, defendant claims that the amendment would require him to prepare an

16  entirely new motion for summary judgment.  Yet the amended complaint simply restates, albeit in

17  greater detail, the same excessive force claim which the original complaint raised.  The arguments

18  advanced in the pending motion for summary judgment– that plaintiff failed to administratively

19  exhaust this excessive force claim and that it is *Heck*-barred – would apply with equal measure

20  and do not require supplementation.

21       Plaintiff's motion to amend is therefore granted and this case will proceed on the first

22  amended complaint.  ECF No. 14.  For the purposes of 28 U.S.C. § 1915A(a), the court finds that

23  the first amended complaint (like the original complaint) states a potentially cognizable Eighth

24  Amendment excessive force claim against defendant J. Wright.  *See* ECF No. 4.

25  /////

26  

27       [4] Defendant suggests that plaintiff has attempted to add an "incomprehensible claim" for the confiscation of his property.  ECF No. 16 at 3.  But this allegation was also raised in plaintiff's original complaint.  ECF No. 1 at 4.  Moreover, the relief plaintiff seeks appears to

28  pertain exclusively to his excessive force claim.  ECF No. 14 at 3.

1

### III.    Defendant's Motion to Strike

2          As defendant correctly points out, neither the Federal Rules of Civil Procedure nor this

3    district's Local Rules entitle a party to a surreply as a matter of right.  Instead, the Local Rules

4    provide for a motion, a response in opposition to the motion, and a reply.  *See* E.D. Cal. R.

5    230(b)-(d).  The court may, in its discretion, allow a surreply "where a valid reason for such

6    additional briefing exists, such as where the movant raises new arguments in its reply brief."  *Hill*

7    *v. England*, 2005 U.S. Dist. LEXIS 29357, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005).

8    Those circumstances are not implicated here and plaintiff did not ask the court's permission prior

9    to submitting his surreply.  ECF No. 30.  Defendant's motion to strike is granted and the court

10    declines to consider the content of the surreply in weighing the pending motion for summary

11    judgment.

12

### IV.    Plaintiff's Motions for Telephonic Interviews

13          Plaintiff has asked the court to order defense counsel or the relevant prison litigation

14    coordinator to schedule a telephone interview with another inmate who was purportedly an

15    eyewitness to the events giving rise to this suit.  ECF No. 32 at 1; ECF No. 34 at 2.  The court

16    declines to do so at this time.  Instead, as defendant correctly notes in his opposition, plaintiff

17    may avail himself of the process provided for in California Code of Regulations, Title 15, § 3139

18    by which an inmate can correspond with another inmate who is housed at another unit.  Plaintiff

19    has not indicated that he has attempted to use this process and been denied.[5]  If plaintiff attempts

20    to engage in communications with his witness by following the proper procedures

21    under § 3139(a)-(c) and is denied access or is otherwise unable to effectively communicate with

22    his witness, and those communications are necessary to the litigation of this action, plaintiff may

23    file another motion describing his attempts to engage in the process provided by § 3139(a)-(c),

24    /////

---

25          [5] In his second motion, plaintiff claims that prison officials have limited § 3139 prisoner
26    correspondence and that recent attempts at correspondence have been unsuccessful.  ECF No. 34
at 3.  He does not indicate that he has attempted to utilized the § 3139 process to communicate
27    with the witness in question.  Regardless of the outcome of past attempts, plaintiff should attempt
the process in good faith for the current witness.  If this attempt is unsuccessful, he may file
28    another motion.

1    why that process failed him, and why the evidence from the witness is relevant and seeking

2    appropriate relief.

3    **V.      Defendant's Motion for Summary Judgment**

4           **A.      Summary Judgment Standard**

5           Summary judgment is appropriate when there is "no genuine dispute as to any material

6    fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Summary

7    judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant

8    to the determination of the issues in the case, or in which there is insufficient evidence for a jury

9    to determine those facts in favor of the nonmovant.  *Crawford-El v. Britton*, 523 U.S. 574, 600

10   (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v.*

11   *U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994).  At bottom, a summary judgment

12   motion asks whether the evidence presents a sufficient disagreement to require submission to a

13   jury.

14          The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims

15   or defenses.  *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Thus, the rule functions to

16   "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for

17   trial.'"  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)

18   (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).  Procedurally,

19   under summary judgment practice, the moving party bears the initial responsibility of presenting

20   the basis for its motion and identifying those portions of the record, together with affidavits, if

21   any, that it believes demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477

22   U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).  If the moving

23   party meets its burden with a properly supported motion, the burden then shifts to the opposing

24   party to present specific facts that show there is a genuine issue for trial.  *Anderson*, 477 U.S. at

25   248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

26          A clear focus on where the burden of proof lies as to the factual issue in question is crucial

27   to summary judgment procedures.  Depending on which party bears that burden, the party seeking

28   summary judgment does not necessarily need to submit any evidence of its own.  When the

1  opposing party would have the burden of proof on a dispositive issue at trial, the moving party

2  need not produce evidence which negates the opponent's claim.  *See e.g., Lujan v. National*

3  *Wildlife Fed'n*, 497 U.S. 871, 885 (1990).  Rather, the moving party need only point to matters

4  which demonstrate the absence of a genuine material factual issue.  *See Celotex*, 477 U.S. at 323-

5  24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a

6  summary judgment motion may properly be made in reliance solely on the 'pleadings,

7  depositions, answers to interrogatories, and admissions on file.'").  Indeed, summary judgment

8  should be entered, after adequate time for discovery and upon motion, against a party who fails to

9  make a showing sufficient to establish the existence of an element essential to that party's case,

10  and on which that party will bear the burden of proof at trial.  *See id.* at 322.  In such a

11  circumstance, summary judgment must be granted, "so long as whatever is before the district

12  court demonstrates that the standard for entry of summary judgment . . . is satisfied."  *Id.* at 323.

13       To defeat summary judgment the opposing party must establish a genuine dispute as to a

14  material issue of fact.  This entails two requirements.  First, the dispute must be over a fact(s) that

15  is material, i.e., one that makes a difference in the outcome of the case.  *Anderson*, 477 U.S. at

16  248 ("Only disputes over facts that might affect the outcome of the suit under the governing law

17  will properly preclude the entry of summary judgment.").  Whether a factual dispute is material is

18  determined by the substantive law applicable for the claim in question.  *Id.*  If the opposing party

19  is unable to produce evidence sufficient to establish a required element of its claim that party fails

20  in opposing summary judgment.  "[A] complete failure of proof concerning an essential element

21  of the nonmoving party's case necessarily renders all other facts immaterial."  *Celotex*, 477 U.S.

22  at 322.

23       Second, the dispute must be genuine.  In determining whether a factual dispute is genuine

24  the court must again focus on which party bears the burden of proof on the factual issue in

25  question.  Where the party opposing summary judgment would bear the burden of proof at trial on

26  the factual issue in dispute, that party must produce evidence sufficient to support its factual

27  claim.  Conclusory allegations, unsupported by evidence are insufficient to defeat the motion.

28  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Rather, the opposing party must, by affidavit

1   or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue

2   for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076.  More significantly, to

3   demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such

4   that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*,

5   477 U.S. at 248, 252.  Absent any such evidence there simply is no reason for trial.

6        The court does not determine witness credibility.  It believes the opposing party's

7   evidence, and draws inferences most favorably for the opposing party. *See id.* at 249, 255;

8   *Matsushita*, 475 U.S. at 587.  Inferences, however, are not drawn out of "thin air," and the

9   proponent must adduce evidence of a factual predicate from which to draw inferences. *American*

10  *Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J.,

11  dissenting) (citing *Celotex*, 477 U.S. at 322).  If reasonable minds could differ on material facts at

12  issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th

13  Cir. 1995).  On the other hand, "[w]here the record taken as a whole could not lead a rational trier

14  of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475

15  U.S. at 587 (citation omitted); *Celotex*, 477 U.S. at 323 (if the evidence presented and any

16  reasonable inferences that might be drawn from it could not support a judgment in favor of the

17  opposing party, there is no genuine issue).  Thus, Rule 56 serves to screen cases lacking any

18  genuine dispute over an issue that is determinative of the outcome of the case.

19       **B.      Failure to Exhaust Administrative Remedies**

20       The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought

21  with respect to prison conditions [under section 1983 of this title] until such administrative

22  remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "Prison conditions" subject to

23  the exhaustion requirement have been defined broadly as "the effects of actions by government

24  officials on the lives of persons confined in prison . . . ."  18 U.S.C. § 3626(g)(2); *Smith v.*

25  *Zachary*, 255 F.3d 446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d

26  Cir. 2002).  To satisfy the exhaustion requirement, a grievance must alert prison officials to the

27  claims the plaintiff has included in the complaint, but need only provide the level of detail

28  required by the grievance system itself. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v.*

1   *Nussle*, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time

2   and opportunity to address complaints internally before allowing the initiation of a federal case").

3        Prisoners who file grievances must use a form provided by the California Department of

4   Corrections and Rehabilitation, which instructs the inmate to describe the problem and outline the

5   action requested.  The grievance process, as defined by California regulations, has three levels of

6   review to address an inmate's claims, subject to certain exceptions.  *See* Cal. Code Regs. tit. 15,

7   § 3084.7.  Administrative procedures generally are exhausted once a plaintiff has received a

8   "Director's Level Decision," or third level review, with respect to his issues or claims.  *Id.*

9   § 3084.1(b).

10       Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731,

11   741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other

12   critical procedural rules[.]"  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  For a remedy to be

13   "available," there must be the "possibility of some relief . . . ."  *Booth*, 532 U.S. at 738.  Relying

14   on *Booth*, the Ninth Circuit has held:

15        [A] prisoner need not press on to exhaust further levels of review once he has
          received all "available" remedies at an intermediate level of review or has been
16        reliably informed by an administrator that no remedies are available.

17   *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

18       Failure to exhaust is "an affirmative defense the defendant must plead and prove."  *Jones*

19   *v. Bock*, 549 U.S. 199, 204, 216 (2007).  To bear this burden:

20        a defendant must demonstrate that pertinent relief remained available, whether at
          unexhausted levels of the grievance process or through awaiting the results of the
21        relief already granted as a result of that process. Relevant evidence in so
          demonstrating would include statutes, regulations, and other official directives that
22        explain the scope of the administrative review process; documentary or testimonial
          evidence from prison officials who administer the review process; and information
23        provided to the prisoner concerning the operation of the grievance procedure in
          this case . . . . With regard to the latter category of evidence, information provided
24        [to] the prisoner is pertinent because it informs our determination of whether relief
          was, as a practical matter, "available."
25

26   *Brown*, 422 F.3d at 936-37 (citations omitted).

27       If under the Rule 56 summary judgment standard, the court concludes that plaintiff has

28   failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice.

1  *Wyatt v. Terhune*, 315 F.3d 1108, 1120, *overruled on other grounds by Albino v. Baca*, 747 F.3d

2  1162 (9th Cir. 2014) (en banc).

3      **C.**    **Analysis**

4        Defendant advances two arguments in support of his motion for summary judgment.

5  First, he argues that plaintiff failed to exhaust his administrative remedies prior to filing this

6  action.  Second, he argues that the claim against him is *Heck*-barred because a finding in a

7  plaintiff's favor would imply the invalidity of a disciplinary conviction which forfeited credit for

8  time served and which has not been overturned.  The court, for the reasons stated hereafter,

9  rejects both arguments.

10          **1.**  **Failure to Exhaust**

11        According to the sworn affidavit of the High Desert State Prison Appeals Coordinator,

12  plaintiff submitted only one appeal – numbered HDSP-14-03482 - related to the excessive

13  allegations in this case. ECF No. 17-7 ("Lopez Decl.") ¶ 8.  This appeal reached the first and

14  second levels of review before being screened out at the third level as untimely.  ECF No. 17-6

15  ("Voong Decl.") ¶ 10.  Records indicate that the second level response was returned to plaintiff

16  on March 4, 2015, but the third level appeal was not received by the Office of Appeals until April

17  6, 2015,[6] thereby exceeding the thirty day time limit.  ECF No. 17-6, Exhibit F, at 94; Cal. Code

18  Regs. tit. 15, § 3084.8.  Plaintiff claims, however, that he was unable to meet this deadline

19  because he did not have access to the second level appeal form until March 30, 2015 and that he

20  was denied the postage materials necessary to mail the appeal until April 3, 2015.  ECF No. 24 at

21  10.  These allegations find support in an inmate request submitted on March 18, 2015 wherein

22  plaintiff alerts prison officials to his inability to access his appeals documents and expresses his

23  concern that he will be unable to meet upcoming deadlines.  *Id*. at 58.  The PLRA only requires

24  exhaustion of available remedies.  *Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010).

25  /////

26   

27        [6] Chief Voong's declaration and the attached exhibit differ on when plaintiff's third level appeal was actually received.  The declaration states that it was received on April 6, 2015 (ECF No. 17-6 ¶ 10), but the exhibit indicates it was received on April 16, 2015 (ECF No. 17-6, Exhibit F, at 94).

28   

1   Exhaustion may be excused where an inmate, despite taking reasonable steps to exhaust his

2   claims, is prevented from doing so by circumstances beyond his control.  *See Nunez v. Duncan*,

3   591 F.3d 1217, 1224 (9th Cir. 2010).

4          Defendant counters by arguing that plaintiff had access to the relevant documents five

5   months before this action was filed[7] and, therefore, had sufficient opportunity to exhaust.  ECF

6   No. 28 at 4.  Whether plaintiff had access to these documents at some point before this suit was

7   filed proves little about the availability of administrative remedies, however.[8]  The relevant

8   question is whether he had access to the documents on a date which would have permitted

9   compliance with the thirty day deadline established by regulation.  On this point, defendant has

10  offered no evidence.  Accordingly, the court concludes that defendant has failed to carry his

11  burden of demonstrating that plaintiff failed to exhaust available administrative remedies prior to

12  filing this suit.[9]

13               **2.  *Heck v. Humphrey***

14         The Supreme Court has held, where a judgment in the prisoner's favor in his section 1983

15  action would necessarily imply the invalidity of a deprivation of good-time credits, the plaintiff

16  must first demonstrate that the credits deprivation has been invalidated in order to state a

17  cognizable claim under section 1983.  *Edwards v. Balisok*, 520 U.S. 641, 644 (1997); *Heck v.*

18

19         [7] Plaintiff filed this suit on August 3, 2015.  ECF No. 1.

20         [8] It is unclear whether defendant is arguing that plaintiff could have re-attempted the
21  exhaustion process after his appeal was cancelled but before filing this suit.  Regardless, he could
    not.  The notice from the Office of Appeals states that "once an appeal has been canceled, that
22  appeal may not be resubmitted."  ECF No. 17-6 at 94.  At best, plaintiff could separately appeal
    the cancellation of HDSP-14-03482 which records indicate he undertook to do.  ECF No. 24 at
23  57.  Defendant notes that this separate appeal was also screened out.  ECF No. 28 at 2.

24         [9] In reaching this conclusion, the court declines defendant's request (ECF No. 17-1 at 8)
    for a preliminary proceeding on the issue of exhaustion.  Defendant has failed to present
25  sufficient evidence on which a reasonable fact-finder could find that exhaustion should not be
    excused in this case.  Notably, his reply fails to offer any alternate version of facts under which
26  plaintiff could have reasonably met his exhaustion deadline.  This lack of evidence coupled with
    the fact that defendant bears the burden of proof on exhaustion convinces the court that defendant
27  has not met its burden of showing a genuine dispute exits to warrant an evidentiary hearing on the
    matter.
28

1   *Humphrey*, 512 U.S. 477, 483, 486-87 (1994) (setting forth this "favorable termination" rule).

2   The U.S. Court of Appeals for the Ninth Circuit has clarified that application of *Heck*'s favorable

3   termination rule "turns solely on whether a successful § 1983 action would necessarily render

4   invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's

5   confinement." *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003). The *Heck* bar exists to

6   preserve the rule that challenges which, if successful, would necessarily imply the invalidity of

7   incarceration or its duration, should be brought via petition for writ of habeas corpus.

8   *Muhammad v. Close*, 540 U.S. 749, 751-52 & n.1 (2004).

9          Defendant submits evidence showing that as a result of the October 20, 2014 incident,

10   plaintiff was found guilty in a Rules Violation Report of resisting a peace officer, and was

11   assessed a ninety day loss of behavioral credits. ECF No. 17-4 at 8-9. According to defendant,

12   plaintiff has not successfully overturned either this conviction or his loss of credit. ECF No. 17-5,

13   ¶ 7. Defendant therefore concludes that plaintiff's claim is barred by *Heck* and *Edwards*, but he

14   is mistaken.

15          Court records reflect that plaintiff is serving an indeterminate sentence of sixty-six years

16   to life in prison. *Hammler v. Kate,* Case No. 12-cv-4700-JGB, 2015 U.S. Dist. LEXIS 176495, at

17   * 8 (C.D. Cal. Nov. 19, 2015). As such, there is no indication that plaintiff would serve a shorter

18   sentence if he had not forfeited the ninety-day credits for time served section 1983 remains the

19   proper vehicle for his suit. *See Nettles v. Grounds*, No. 12-16935 (9th Cir. July 26, 2016) (finding

20   that a prisoner's claim which, if successful, would not necessarily lead to immediate or speedier

21   release fell outside the "core of habeas corpus" and section 1983 was the proper vehicle) ; *see*

22   *also Roman v. Knowles*, Case No. 07-cv-1343-JLS, 2011 U.S. Dist. LEXIS 95410, at *38-40

23   (S.D. Cal. June 20, 2011), *adopted by* 2011 U.S. Dist. LEXIS 95286 (S.D. Cal. Aug 25, 2011)

24   (concluding that the favorable termination rule was inapplicable under such circumstances). Any

25   effect on plaintiff's minimum eligible parole date ("MEPD") caused by the loss of credits also

26   fails to invoke the favorable termination rule. *See Vandervall v. Feltner*, Case No. CIV-S-09-

27   1576 DAD, 2010 U.S. Dist. LEXIS 72059, at *16-18, *adopted by* 2010 U.S. Dist. LEXIS 88704

28   (E.D. Cal. Aug. 25. 2010) ("Rather, the MEPD determines when plaintiff may appear before the

1    Board of Parole Hearings (BPH) for his first parole suitability hearing.  The BPH, in turn, has the

2    exclusive authority to grant plaintiff parole and set any actual parole release date.").  Based on the

3    foregoing, defendant has failed to demonstrate how the loss of credits resulting from the

4    disciplinary conviction will have any impact on the length of plaintiff's confinement and, as such,

5    plaintiff's claim falls outside the core of habeas corpus.  *See Nettles v. Grounds*, No. 12-16935

6    (9th Cir. July 26, 2016); *see also Ramirez*, 334 F.3d at 858 ("[W]here . . . a successful § 1983

7    action would not necessarily result in an earlier release from incarceration . . . the favorable

8    termination rule of *Heck* and *Edwards* does not apply.")

9    **VI.     Defendant's Motion for Protective Order**

10          Defendant seeks a protective order staying all discovery until the court rules on his motion

11    for summary judgment and plaintiff's motion to amend the complaint.  In light of the order and

12    recommendation herein with respect to those motions, the motion for protective order will be

13    denied as moot.

14    **VII.    Order and Recommendation**

15          For the reasons stated above, it is hereby ORDERED that:

16          1.     Plaintiff's motion to amend complaint (ECF No. 15) is GRANTED.  This action

17    will proceed based on plaintiff's first amended complaint (ECF No. 14) and the Eighth

18    Amendment excessive force claim against Defendant J. Wright contained therein.

19          2.     Defendant's motion to strike (ECF No. 31) is GRANTED and plaintiff's surreply

20    (ECF No. 30) is stricken from the record.

21          3.     Defendant's motion for protective order (ECF No. 18) is DENIED as moot.[10]

22          4.     Plaintiff's motions for telephone interviews (ECF No. 32 & ECF No. 34) are

23    DENIED without prejudice.

24          5.     The Clerk of the Court shall randomly assign a United States District Judge to this

25    action.

26

27          [10] In the event the district judge adopts the recommendation herein, the court will issue an
      amended discovery and scheduling order setting new deadlines for discovery and dispositive
28    motions.

1    Further, it is hereby RECOMMENDED that defendant's motion for summary judgment

2    (ECF No. 17) be DENIED.

3    These findings and recommendations are submitted to the United States District Judge

4    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

5    after being served with these findings and recommendations, any party may file written

6    objections with the court and serve a copy on all parties.  Such a document should be captioned

7    "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

8    within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

9    *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

10   DATED:  August 3, 2016.

11

12                                         EDMUND F. BRENNAN
                                           UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28