UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>            Plaintiff,<br><br>      v.<br><br>J. WRIGHT,<br><br>            Defendant. | No.  2:15-cv-1645-GEB-EFB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  On October 27, 2016, the court directed the parties to file pretrial statements.  ECF No. 46.  Defendants request that this order be vacated because the parties have not yet completed discovery, which was stayed pending resolution of previously-filed, and now resolved, motions.  ECF No. 47.  Good cause appearing, defendants' motion is granted.

Accordingly, IT IS HEREBY ORDERED that:

1.  Defendants' motion for reconsideration (ECF No. 47) is granted.

2.  The court's October 27, 2016 order directing the filing of pretrial statements (ECF No. 46) is vacated.

3.  The discovery and scheduling order (ECF No. 13) is amended as follows:

    a.  The parties may conduct discovery until March 3, 2017. Any motions necessary to compel discovery shall be filed by that date. All requests for

discovery pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 shall be served not later than January 6, 2017.

b. If plaintiff seeks leave to amend the complaint, he must file any motion to amend no later than March 3, 2017.[1]

c. Dispositive motions shall be filed on or before May 5, 2017. Motions shall be briefed in accordance with paragraph 8 of the order filed August 25, 2015.

d. The court will schedule pretrial proceedings, if necessary, upon the resolution of any pretrial motions filed. Requests to modify this schedule will be looked upon with disfavor and must be supported by good cause pursuant to Fed. R. Civ. P. 16(b).

DATED:  November 3, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Any motion to amend must be accompanied by a proposed amended complaint that is rewritten or retyped so that it is complete in itself without reference to any earlier filed complaint. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).