UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER, | No. 2:15-cv-1645-GEB-EFB P |
| Plaintiff, | |
| v. | <u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |
| J. WRIGHT, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed six motions which include: (1) a motion to file a second amended complaint; (2) a motion to compel further discovery responses; (3) a motion for oral argument on the motion to compel and other discovery matters; (4) a motion to schedule a telephone interview with a witness; (5) a motion to schedule a telephone interview with defense counsel and additional witnesses; and (6) a motion for an order preventing officials from obstructing his access to the law library. For the reasons stated below, plaintiff's motion to amend is granted, and all other motions must be denied.

**I.     Motion to Amend**

Plaintiff seeks leave to file a second amended complaint for the purpose of increasing "the amount of damages" he is seeking and to clarify "what rights are alleged to have been violated." ECF No. 55. Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so

1

requires," and the Ninth Circuit has directed courts to apply this policy with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a)(2), a court should consider the following factors: (1) undue delay, (2) bad faith, (3) futility of amendment, and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

Here, there is no indication that plaintiff, who is appearing *pro se*, unduly delayed in requesting leave to amend or that his filing was made in bad faith. *See* ECF No. 55 (explaining in his December 2, 2016 motion to amend that certain representations in defendant's November 15, 2016 Answer, prompted his need to amend). The proposed amendments do not add any new defendants and the excessive force claim remains the same.[1] *See* ECF No. 56. Thus, the amendments are not futile, as the court has already determined for purposes of 28 U.S.C. § 1915A,[2] that they state a cognizable claim of excessive force. *See* ECF Nos. 4, 36.

/////
/////
/////
/////

---

[1] Specifically, plaintiff alleges that on October 20, 2014, defendant issued him his quarterly package but illegally confiscated a bag of cereal from that package. ECF No. 56 at 3-4. Plaintiff asked defendant to return the item, but was rebuffed with an instruction to return to his cell. *Id*. at 4. Plaintiff refused that instruction, asked to speak with the sergeant on duty, and seated himself on a nearby bench. *Id*. at 4-5. After plaintiff refused additional instructions from defendant to return to his cell, he claims that defendant threw him on the ground and placed a knee on his neck. *Id*. at 5-7. Plaintiff claims that he never physically resisted during the altercation and that the degree of force defendant used to restrain him was excessive. *Id*. at 5-7.

[2] Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1  Additionally, defendant has not opposed the motion, and there is no basis for finding that the
2  amendments will prejudice him.[3]  Plaintiff's motion to amend is therefore granted and this case
3  will proceed on the second amended complaint.  *See* ECF No. 56.

4  For the purposes of 28 U.S.C. § 1915A(a), the court finds that the second amended
5  complaint (like the original and first amended complaints) states a potentially cognizable Eighth
6  Amendment excessive force claim against defendant J. Wright.  However, the second amended
7  complaint, which adds allegations that defendant "deprived [plaintiff] of his liberty or property
8  without due process" when defendant "feloniously" confiscated plaintiff's bag of cereal, do not
9  state an additional claim for relief.  *See* ECF No. 56, ¶¶ 14-15.  The Due Process Clause protects
10 prisoners from being deprived of property without due process of law, *Wolff v. McDonnell,* 418
11 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v.*
12 *May*, 502 F.2d 728, 730 (9th Cir. 1974).  However, a deprivation of personal property is not
13 actionable under section 1983 where the deprivation is the result of random and unauthorized
14 action (as opposed to an established state procedure), and the state provides an adequate post-
15 deprivation remedy.  *Hudson v. Palmer*, 468 U.S. 517, 532-33 (1984).  California provides an
16 adequate post-deprivation remedy through its Government Claims Act.  *Barnett v. Centoni*, 31
17 F.3d 813, 816-17 (9th Cir. 1994) (per curiam).   Therefore, plaintiff's due process claim is
18 dismissed without prejudice, and this case shall proceed solely on plaintiff's claim of excessive
19 force against defendant J. Wright.
20 /////
21 /////
22 /////
23 /////
24 /////
25 /////
26
27  [3] The court construes defendant's failure to respond to the motion as a waiver of any opposition.  *See* E.D. Cal., L.R. 230(l); ECF No. 8, ¶ 8.  Indeed, defendant filed an answer to
28  plaintiff's second amended complaint on March 2, 2017.  ECF No. 64.

**II.      Motion to Compel**

Plaintiff moves to compel further responses to his requests for production ("RFP") numbers 1, 2, and 3. ECF No. 52. Defendant opposes plaintiff's request.[4] ECF No. 57. Plaintiff did not file a reply, but did file a request for oral argument. ECF No. 60.

Plaintiff requests oral argument on the motion to compel and "other discovery issues" on the grounds that defendant's opposition to his motion is "lengthy," he is being denied adequate paper materials and copies, and he is better able to clarify his arguments orally. ECF No. 60 at 1-3. After defendant filed his opposition, plaintiff filed numerous documents (including the instant request), and others, accompanied by numerous exhibits, which undermine plaintiff's claimed inability to access whatever paper materials and copies he might need to file a written reply or to otherwise litigate discovery matters in this case. *See* ECF Nos. 58, 59, 60, 61, 62, and 63. Plaintiff also could have, but did not, request an extension of time to file a written reply or modify the discovery and scheduling order. In addition, Local Rule 230(l) requires that all discovery motions filed in pro se prisoner actions "be submitted upon the record without oral argument unless otherwise ordered by the Court." Accordingly, plaintiff's request for oral argument is denied.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that the scope of discovery includes "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or

---

[4] Defendant's blanket objection to plaintiff's motion on the ground that plaintiff failed to meet and confer in accordance with Local Rule 251(b) lacks merit. The discovery and scheduling order provides that that the meet and confer obligations outlined in Local Rule 251 do not apply to this action. *See* ECF No. 13 at 1. While meeting and conferring is encouraged when possible, plaintiff's failure to do so in this case does not suggest bad faith. In seeking ex parte extensions of time, defense counsel has repeatedly averred that stipulations to extend court deadlines "cannot reasonably be obtained" because of plaintiff's *pro se* status and incarceration. ECF No. 25, ¶ 5; ECF No. 53, ¶ 5. It is precisely for this reason that the court declines to apply Local Rule 251 to prisoner *pro se* cases. *See Harpool v. Beyer*, No. 10-cv-1253-MCE-GGH, 2011 U.S. Dist. LEXIS 123323, at *9-10 (E.D. Cal. Oct. 25, 2011) ("Required meet and confers in the pro se prisoner litigation context would seem to be unjust, tardy and expensive.").

1  expense of the proposed discovery outweighs its likely benefit." "The question of relevancy
2  should be construed 'liberally and with common sense' and discovery should be allowed unless
3  the information sought has no conceivable bearing on the case." *Ibanez v. Miller*, No. Civ. S-06-
4  2668-JAM-EFB P, 2009 U.S. Dist. LEXIS 98394 at *5 (E.D. Cal. Oct. 22, 2009) (quoting *Soto v.
5  City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995)).

6       In RFP No. 1, plaintiff asks for records indicating the "names, CDCR numbers, and
7  current housing locations" of each inmate assigned to the "yard crew" in October of 2015. In a
8  letter to defense counsel dated November 24, 2016, plaintiff limited this request to only the names
9  of the "African American" yard crew inmates, and corrected the date in question to October 20,
10 2014. ECF No. 57-1, ¶ 9, Ex. B. In response to plaintiff's amended request, defendant agrees to
11 disclose the identities of the African American yard crew inmates from October 20, 2014, who
12 were housed in B-Facility, pending their consent to such disclosure. In light of defendant's
13 agreement to provide plaintiff with this information, the motion to compel a further response to
14 RFP No. 1 is denied a moot.

15      In RFP No. 2, plaintiff refers to an incident that allegedly occurred on February 5, 2015
16 and asks for the name, number, and housing location for the inmate involved. In his motion,
17 plaintiff explains that this inmate "can corroborate that plaintiff is not the only one [that officers]
18 take package items from and then physically challenge when they protest." ECF No. 52 at 3. The
19 pertinent inquiry in this case is whether defendant's use of force was justified and proportional to
20 the threat that plaintiff posed when plaintiff refused defendant's orders. There is no indication
21 that defendant was involved in the February 5, 2015 incident; nor is it apparent how the inmate
22 involved could possibly testify as to whether defendant's use of force on October 20, 2014 was
23 appropriate in this case. As there is no logical nexus between the identity of the inmate involved
24 and the incident at issue here, defendant's objection to the request as seeking information that is
25 not reasonably calculated to lead to the discovery of relevant evidence is sustained.

26      In RFP No. 3, plaintiff asks for the names, numbers, and housing locations of all inmates
27 who have ever received "rules violation reports" from any "R and R Officer" from "October 20,
28 2015 to the present." In his motion, plaintiff re-frames the time period from October 20, 2014,

5

through October 20, 2015, but does not otherwise narrow the scope of the request. ECF No. 52 at 4. Like RFP No. 2, plaintiff fails to explain how the information requested would make it more or less likely that defendant used excessive force in this case, as the request is not limited to reports involving defendant, or even to incidents involving the use of force. *See Rivera v. Nibco, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'"). Accordingly, plaintiff's motion as to RFP No. 3 is also denied.

### III.    Motions for Telephonic Interviews

Plaintiff asks the court to order defense counsel to schedule telephonic interviews with three other inmates who purportedly have information relevant to plaintiff's claim. ECF Nos. 62, 63. The court previously denied a similar request, explaining to plaintiff that he must first avail himself of the process provided for in California Code of Regulations, Title 15, § 3139, by which an inmate can correspond with another inmate who is housed at another unit. *See* ECF No. 36 at 5-6. Plaintiff, citing to § 3139(f), which sets the limits for how restrictive a facility can be with respect to inmate mail privileges,[5] claims that "CDCR refuses to allow" his correspondence with the other inmates. ECF No. 62 at 2; ECF No. 63 at 3. However, plaintiff does not submit any documentation or otherwise describe any effort he has made to request correspondence with another inmate in accordance with § 3139. Thus, it is not clear whether CDCR actually denied a proper request from plaintiff or if plaintiff is suggesting that such an attempt would be futile in light of the permissible limitations on inmate correspondence found in § 3139(f). Accordingly, plaintiff's requests are denied.

Plaintiff is once again instructed that if he attempts to engage in communications with an inmate by following the proper procedures under § 3139(a)-(c) and is denied access or is otherwise unable to effectively communicate with the inmate, and those communications are necessary to the litigation of this action, he may file another motion seeking appropriate relief and

---

[5] Specifically, § 3139(f) allows a facility to limit correspondence between inmates to only immediate family members, co-litigants on active cases, or incarcerated natural parent of the inmate's child. Cal. Code Regs. tit. 15, § 3139(f).

1  describing his attempts to engage in the process provided by § 3139(a)-(c), why that process
2  failed him, and why the evidence from the inmate is relevant.

### IV. Motion for Library Access

Plaintiff also seeks an order to prevent officials from obstructing his access to the law library and to the tools necessary for complying with court orders and participating in discovery, which the court construes as a motion for a preliminary injunction. ECF No. 51. He alleges that while confined to the R.J. Donovan Correctional Facility, his attempts to access the library have been met with intimidation and physical assaults by correctional officers. *Id.* at 3.

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another—survives *Winter* and continues to be valid. *Alliance for the Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff fails to meet that standard. This action concerns the use of excessive force at High Desert State Prison. The motion for injunctive relief does not involve High Desert State Prison, the defendant in this action, or the claim of excessive force. Because plaintiff's motion addresses conduct that is not a subject of this civil action, it does not demonstrate either a likelihood of success or a serious question going to the merits of his complaint. Generally, such unrelated allegations must be pursued through the prison administrative process and then litigated in a separate action. *See McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam) and *Rhodes v. Robinson*, 621 F.3d 1002, 1004-07 (9th Cir. 2010) (together holding that claims must be exhausted prior to the filing of the original or supplemental complaint); *Jones v. Felker*, No. CIV S-08-0096 KJM EFB P, 2011 U.S. Dist. LEXIS 13730, at *11-15 (E.D. Cal. Feb. 11, 2011). Moreover, plaintiff fails to show that he would suffer irreparable harm in the absence of the requested relief. Plaintiff's numerous filings with the court while confined to R.J. Donovan Correctional Facility, *see* ECF Nos. 49, 51, 52, 55, 56, 58, 59, 60, demonstrate that injunctive relief is not necessary, as plaintiff is clearly capable of requesting an extension of time from the court and explaining that circumstances beyond his control have prevented him from meeting a deadline. Regardless, the motion is now moot in light of plaintiff's transfer to another prison. *See* ECF No. 61. For these reasons, plaintiff's motion for a preliminary injunction must be denied.

**V.     Order and Recommendation**

For the reasons stated above, it is hereby ORDERED that:

1. Plaintiff's motion to amend the complaint (ECF No. 55) is GRANTED.
2. The allegations in the second amended complaint (ECF No. 56) are sufficient to state a potentially cognizable Eighth Amendment excessive force claim against Defendant J. Wright; the due process claim is dismissed without prejudice.
3. Plaintiff's motion for oral argument on his motion to compel and "other discovery issues" (ECF No. 60) is DENIED.
4. Plaintiff's motion to compel (ECF No. 52) is DENIED.

/////

5. Plaintiff's motions for telephonic interviews (ECF Nos. 62, 63) are DENIED without prejudice.

Further, it is hereby RECOMMENDED that plaintiff's motion for an order preventing officials from obstructing his access to the law library, construed as a motion for a preliminary injunction (ECF No. 51), be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 2, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE