UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALLEN HAMMLER,

    Plaintiff,

v.

J. WRIGHT,

    Defendant.

No. 2:15-cv-1645-TLN-EFB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed several motions seeking preliminary injunctive relief, along with supporting declarations. ECF Nos. 105, 108, 110, 112. Defendant opposes the motions. ECF Nos. 113, 114. In reply, plaintiff filed a declaration. ECF No. 117.

### Background

Plaintiff, who is currently housed in the Security Housing Unit ("SHU") at California State Prison, Corcoran, filed this action on August 3, 2015, alleging an Eighth Amendment excessive force claim against defendant Wright, a correctional officer at High Desert State Prison ("HDSP"). ECF No. 1. He seeks compensatory and punitive damages as relief. ECF No. 106 at 4.

/////

/////

1

Motions for Preliminary Injunctive Relief

Plaintiff seeks the following preliminary injunctive relief: (1) an order commanding his release from the Corcoran SHU and return to California State Prison, Sacramento ("CSP-Sac"); (2) an order commanding that prison officials not search plaintiff's legal files outside his presence and that he not be separated from his legal files unless there is a genuine safety concern; and (3) an order commanding that plaintiff's legal files and work product be returned to him.

Plaintiff requests return to CSP-Sac so he can safely prepare for trial, set for April 1, 2019. He states that he cannot adequately prepare for trial in the Corcoran SHU because he cannot safely access a computer there. ECF No. 108 at 3. To access a computer in the Corcoran SHU, plaintiff states he must pass through a dayroom, where prison officials are known to turn a blind eye, and even set up prisoners for attack. *Id.* at 3-5, 8. Further, he states that gang members have become aware of his attempts to maintain a special needs yard and in retaliation, intend to murder him. ECF No. 110 at 1-2. He states that his SHU term ends on February 2, 2019, and that out of fear for his safety, he will not exit his cell while other prisoners are present. ECF No. 108 at 4, 7.

Plaintiff's requests regarding his legal files stem from complaints that his legal files have been searched outside his presence and returned to him in an incomplete and disorderly fashion. ECF Nos. 105, 112. Since the filing of his motions, four of his five boxes of property have been returned to him. He claims to still be missing a box of property, and specifies that he is also missing personal legal books with work product notes, his phone book, and a witness list. ECF No. 117.

To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7 (2008)). Plaintiff's motions do not meet this standard. It addresses conduct that is not a subject of this action, and therefore fails to demonstrate either a likelihood of success on the merits or a serious question on the merits. Generally, such allegations must be pursued through the prison administrative process and then litigated in a separate action. *See*

2

*McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam) and *Rhodes v. Robinson*, 621 F.3d 1002, 1004-07 (9th Cir. 2010) (together holding that claims must be exhausted prior to the filing of the original or supplemental complaint); *Jones v. Felker*, No. CIV S-08-0096 KJM EFB P, 2011 U.S. Dist. LEXIS 13730, at *11-15, 2011 WL 533755 (E.D. Cal. Feb. 11, 2011).

Nonetheless, where circumstances warrant, the court does have some authority to intervene regarding conduct unrelated to the complaint under The All Writs Act. That Act gives federal courts the authority to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. 1651(a). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons who, "though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice." *United States v. N.Y. Tel. Co.*, 434 U.S. 159 (1977). To obtain an order under the All Writs Act, the requested order must be "necessary." This language requires that the relief requested is not available through some alternative means. *Clinton v. Goldsmith*, 526 U.S. 529 (1999).

As for plaintiff's request to be returned to CSP-Sac, he has not shown that the order he seeks is "necessary," as the All Writs Act requires. Assuming plaintiff is unable to prepare for trial while in the Corcoran SHU, as he claims, he will still have approximately two months to prepare following his February release. If plaintiff's conditions of confinement prevent him from adequately preparing for trial, he may move to continue the trial date. Any such motion must state exactly what plaintiff needed and/or attempted to do in anticipation of trial and why/how he was prevented from doing so.

As for plaintiff's requests regarding his legal property, the court will order supplemental briefing. In his reply, plaintiff states that only four of his five boxes have been returned to him and specifies certain items that remain missing. He claims that Sergeant Burns and others have refused to help him obtain his missing property. ECF No. 117 at 2. And in an earlier filing, he stated that he had been denied 602 complaint forms. ECF No. 112 at 3. Defendant shall file a supplemental brief responding to these outstanding issues, including plaintiff's requests for (1) an

order commanding that prison officials not search plaintiff's legal files outside his presence and that he not be separated from his legal files unless there is a genuine safety concern; and (2) an order commanding that plaintiff's legal files and work product be returned to him.

## Conclusion

Accordingly, it is ORDERED that defendant shall file a supplemental brief within fourteen days from the date of this order addressing plaintiff's outstanding concerns regarding his legal property and the applicability of the All Writs Act.

Further, it is RECOMMENDED that plaintiff's motion for preliminary injunctive relief seeking an order returning him to CSP-Sac (ECF No. 108) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 4, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE