UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>          Plaintiff,<br><br>    v.<br><br>J. WRIGHT,<br><br>          Defendant. | No. 2:15-cv-1645-TLN-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed numerous motions which are addressed below.

This case was previously scheduled for trial on April 1, 2019. ECF No. 106. In anticipation of that trial date, plaintiff filed numerous motions, including "Motion for Order in re Ability to Follow Pretrial Order," "Motion for Order to Enable Plaintiff to Submit Exhibits as Order Directs," and "Motion for Order to Enable Plaintiff to Procure Street Cloth[e]s for Trial." ECF Nos. 119, 121, 140. The trial date, however, was subsequently continued to January 13, 2020. ECF No. 134. The aforementioned motions, therefore, are denied without prejudice as moot.

Plaintiff previously sought preliminary injunctive relief and/or relief under the All Writs Act in this case (ECF No. 105, 108, 112, 117). The court found that plaintiff was not entitled to injunctive relief but ordered defendant to file a supplemental brief addressing the applicability of

the All Writs Act to plaintiff's concerns regarding access to his legal property. ECF No. 120. On February 19, 2019, defendant filed a supplemental brief as ordered. ECF No. 131. On February 26, 2019, the trial date was continued from April 1, 2019 to January 13, 2020. ECF No. 134. Because the trial was postponed by over nine months, the court concluded, independent of defendant's supplemental brief, that plaintiff was not entitled to relief by way of the All Writs Act. *See* ECF No. 147 ("Plaintiff may make use of the prison's internal administrative grievance process to resolve his requests concerning access to his legal property."). Meanwhile, plaintiff filed a "Motion for Extension of Time" to respond to defendant's supplemental brief (ECF No. 138) followed by a "Motion for Ruling" on that request (ECF No. 151) and a supportive declaration (ECF No. 145). Because the court did not order plaintiff to respond to defendant's supplemental brief, there was no deadline to extend. Therefore, plaintiff's request for an extension of time (ECF No. 138) is denied and the Clerk of the Court shall terminate ECF No. 151 (the Motion for Ruling).

Also, in response to defendant's supplemental brief, plaintiff filed a "Motion for Formal Hearing in re Sanctions and Declaration" (ECF No. 137) and a "Motion for Sanctions and for Formal Hearing" (ECF No. 139). In these requests, plaintiff argues that defense counsel submitted false declarations with the supplemental brief. Specifically, plaintiff speculates that defense counsel may have "encouraged" correctional lieutenant Randolph to perjure himself "to affect the outcome" of this case. ECF No. 139 at 3. Plaintiff requests the opportunity to present evidence at a hearing showing that the declaration is false. *Id.* He also requests that defense counsel be sanctioned. *Id.* at 4. Plaintiff's accusations against defense counsel are entirely speculative. Accordingly, the motions for sanctions and a hearing (ECF Nos. 137 & 139) are denied.

Next, the court turns to plaintiff's two "Motions for Orders." ECF Nos. 144 & 148. In the March 25, 2019 "Motion for Order," plaintiff renews his request for the court to grant him relief pursuant to the All Writs Act. ECF No. 144. He claims he was denied receipt of a package containing various supplies he needs for trial. He argues that a court order is his only available relief because his use of the prison's grievance process has been placed on restriction. *Id.* at 10-

12. Nevertheless, trial is still another six months away. Plaintiff has ample time to use the prison's internal procedures to prepare for and obtain what he needs for trial. At this time, a court order is not "necessary" for the proper administration of justice, as required by the All Writs Act. *See* 28 U.S.C. § 1651(a). In the April 8, 2019 "Motion for Order," plaintiff seeks a court order directing the warden to reverse a finding of guilt on a rule violation report. ECF No. 148. Such relief is not within the scope of this action, in which plaintiff seeks damages for an alleged use of excessive force. *See* ECF No. 106 (Pretrial Order). Plaintiff may use the prison's internal administrative processes or file a separate civil action to obtain relief on the unrelated matter he raises. For these reasons, plaintiff's "Motions for Orders," which essentially seek injunctive relief, must be denied.

Accordingly, it is ORDERED that:

1. Plaintiff's "Motion for Order in re Ability to Follow Pretrial Order," "Motion for Order to Enable Plaintiff to Submit Exhibits as Order Directs," and "Motion for Order to Enable Plaintiff to Procure Street Cloth[e]s for Trial," (ECF Nos. 119, 121, 140) are denied without prejudice as moot.

2. Plaintiff's "Motion for Extension of Time" to respond to defendant's supplemental brief (ECF No. 138) is denied and the Clerk of the Court shall terminate ECF No. 151 ("Motion for Ruling").

3. Plaintiff's "Motion for Formal Hearing in re Sanctions and Declaration" (ECF No. 137) and "Motion for Sanctions and for Formal Hearing" (ECF No. 139) are denied.

Further, it is RECOMMENDED that plaintiff's "Motions for Order" (ECF Nos. 144 & 148) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 27, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE