UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>        Plaintiff,<br><br>    v.<br><br>J. WRIGHT,<br><br>        Defendant. | No. 2:15-cv-01645-TLN-EFB<br><br>**ORDER** |

This matter is before the Court pursuant to Plaintiff Allen Hammler's ("Plaintiff") "Motion for Clarification and or Rule 59(e) Reconsideration" (ECF No. 156), which the Court construes as a motion for reconsideration. Plaintiff challenges Undisputed Fact No. 13 of the magistrate judge's Final Pretrial Order. (*See* ECF Nos. 106, 116.) Defendant J. Wright ("Defendant") filed an opposition to the motion (ECF No. 159) and Plaintiff filed a reply (ECF No. 171). For the reasons set forth below, Plaintiff's motion is DENIED.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or

1

circumstances were not shown at the time of the prior motion." E.D. Cal. Local Rule 230(j)(3)–(4). Pursuant to Local Rule 303(f), a magistrate judge's order shall be upheld unless "clearly erroneous or contrary to law." E.D. Cal. Local Rule 303(f). Importantly, a Final Pretrial Order may be modified after a final pretrial conference "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). Upon review of the entire file, the Court finds that it does not appear that the magistrate judge's ruling was clearly erroneous or contrary to law. Further, failure to modify the Final Pretrial Order would not result in manifest injustice.

Undisputed Fact No. 13 reads as follows: "Defendant ordered all inmates to get down on the ground, which they did. Plaintiff did not get down on the ground." (ECF No. 106 at 2.) Plaintiff contends it has always been his position that he "was never ordered to get down by the Defendant . . . ." (ECF No. 156 at 2.) Plaintiff, however, did not assert this position in his Pretrial Statement (ECF No. 92), nor did he assert it in the objections he filed to Defendant's Pretrial Statement (ECF No. 104). Indeed, on summary judgment, Plaintiff maintained that he had been seated passively with his hands up (ECF No. 80 at 3). Nevertheless, the Pretrial Order identifies the following disputed factual issue: "Whether, before defendant took plaintiff to the ground, plaintiff was seated passively with his hands up or instead, stood up from the bench, took a step towards defendant with a bladed/fighting stance, and stated 'I want you to put me back in my fucking cell?'" (ECF No. 106 at 3.) Therefore, the Court finds Plaintiff's position in this regard is fairly preserved by the Final Pretrial Order. Finally, the Court notes the Pretrial Order was first issued on August 14, 2018. (ECF No. 106.) Plaintiff did not object to the Pretrial Order during the 30-day objection period and it was deemed final well over a year ago on September 26, 2018. (ECF No. 116.) Plaintiff offers no justification for his failure to timely object; for these reasons, Plaintiff's motion is denied.

///
///
///
///
///

2

Accordingly, IT IS HEREBY ORDERED that, upon reconsideration, the Final Pretrial Order (ECF Nos. 106, 116) is AFFIRMED. Plaintiff's "Motion for Clarification and or Rule 59(e) Reconsideration" (ECF No. 156) is DENIED.

IT IS SO ORDERED.

Dated: January 8, 2020

Troy L. Nunley
United States District Judge