UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>    Plaintiff,<br><br>    v.<br><br>J. WRIGHT,<br><br>    Defendant. | No. 2:15-cv-01645-TLN-EFB<br><br>**ORDER** |

This matter is before the Court pursuant to Defendant J. Wright's ("Defendant") unopposed motion to modify the Final Pretrial Order. (ECF No. 173.) Defendant seeks to add Nurse Yacoubou ("Yacoubou") as a witness to authenticate and provide testimony regarding the medical records Defendant identified as exhibits in the Pretrial Order. (ECF No. 173-1.) Defendant's motion is GRANTED for the reasons discussed herein.

As noted in the Pretrial Order, any attempt to modify the Final Pretrial Order following the close of the 30-day period to file objections is governed by Federal Rule of Civil Procedure 16. (ECF No. 106 at 14.) Rule 16 provides that the Court may modify the order issued after a final pretrial conference only to prevent manifest injustice. Fed. R. Civ. P. 16(e).

The Ninth Circuit has held that a district court should consider the following factors when evaluating a motion to amend the pretrial order: (1) the degree of prejudice or surprise to the opposing party; (2) the ability of the moving party to cure any prejudice; (3) the impact of the

1

modification on the orderly and efficient conduct of the trial; and (4) any degree of willfulness or bad faith on the part of the party seeking the modification. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012).

On balance, the Court finds these factors weigh in favor of modifying the Pretrial Order. First, Defendant notes that Yacoubou is the author of the medical report dated October 20, 2014, which pertains to Plaintiff's medical examination following the alleged excessive force incident. (ECF No. 173-1 at 2.) This report was previously identified in the August 14, 2018, Pretrial Order as Defendant's Exhibit C (*see* ECF No. 106 at 10). (ECF No. 173-1 at 2.) Defendant appears to seek to add Yacoubou as a witness in lieu of the previously identified custodian of medical records, mainly to alleviate any potential evidentiary and hearsay issues with presentation of those medical records. (*See id.* at 3.) Because Yacoubou's signature appears at the bottom of the record, it does not appear that permitting Yacoubou to testify regarding the report he authored would cause any prejudice or surprise to Plaintiff. (*Id.* at 2.) Similarly, amendment will not negatively impact the orderly and efficient conduct of the trial where Defendant identified the report in his Pretrial Statement, thus providing Plaintiff notice of the report, as early as April 18, 2018. (ECF No. 101 at 10.) Finally, there does not appear to be any bad faith on the part of Defendant for not previously seeking to include Yacoubou as a witness for this purpose (*see* ECF No. 173-1 at 3), and Plaintiff has not filed any opposition to the motion. For these reasons, the Court finds amendment is appropriate.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Modify the Pretrial Order to add Nurse Yacoubou as a witness (ECF No. 173) is GRANTED.

IT IS SO ORDERED.

Dated: January 8, 2020

Troy L. Nunley
United States District Judge