UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>    Plaintiff,<br><br>v.<br><br>J. WRIGHT,<br><br>    Defendant. | No. 2:15-cv-01645-TLN-EFB<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE** |

On January 9, 2020, the Court vacated the trial date for the above-captioned matter and ordered Plaintiff Allen Hammler ("Plaintiff"), a state prisoner proceeding *pro se*, to show cause as to why the case should not be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute as a result of Plaintiff's refusal to board the transportation vehicle and subsequent failure to appear at trial. (ECF No. 191.)

Plaintiff filed a declaration and response to the Court's Order to Show Cause on January 16, 2020 (ECF No. 193), as well as a supplemental response on January 22, 2020 (ECF No. 194). In his filings, Plaintiff explains that he failed to board the transportation vehicle because: (1) he did not receive sufficient prior advance notice from the correctional staff of his scheduled transport and was therefore not packed or ready in time to board the transportation vehicle (ECF No. 193 at 1–3); (2) Plaintiff feared a correctional officer not related to this litigation intended to murder Plaintiff in the Receiving and Release room where Plaintiff was to be escorted to await

1

his transport, because the correctional officer is currently under investigation for a murder that took place at California State Prison, Corcoran, for which Plaintiff is the sole witness (ECF Nos. 193 at 3–4, 194 at 1–8); and (3) Plaintiff expected that, even if he refused to be transported for trial, the correctional officers were supposed to use "controlled force" to ensure Plaintiff was placed on the transportation vehicle in order to attend trial (ECF No. 193 at 4).[1]

On January 24, 2020, Defendant filed a response to Plaintiff's two responses to the Order to Show Cause. (ECF No. 195.) With the support of a sworn declaration, Defendant noted that Plaintiff's main reason for failing to board the transport bus — namely, that Correctional Officer Burnes intended to murder Plaintiff in the Receiving and Release room if Plaintiff permitted himself to be escorted to that room in anticipation of his scheduled transport — is entirely baseless as Officer Burnes is not, in fact, under investigation for murder (and would not be working at the prison at this time if he were under any such investigation). (ECF Nos. 195 at 2, 195-1.) Accordingly, Defendant requests the Court reject Plaintiff's absurd "causes" for failing to board the transport bus in order to appear at trial and dismiss this action for failure to prosecute. (ECF No. 195 at 2.)

The Court agrees with Defendant's argument that Plaintiff's purported reasons for failing to board the transport bus and subsequently failing to appear at trial are unavailing. First, Plaintiff had ample time to prepare for his transportation and trial date: on December 3, 2019, the Court issued the Writ of Habeas Corpus Ad Testificandum to produce Plaintiff for trial (ECF No. 162), and this Writ was properly served on Plaintiff. Plaintiff therefore had notice of

---

[1] In his supplemental response to the Order to Show Cause, Plaintiff additionally requests the Court issue an order pursuant to the All Writs Act directing the Warden at California State Prison, Corcoran to address a Rule Violation Report, which Plaintiff claims was improperly issued and adjudicated, but which is unrelated to Plaintiff's claims in this action. Plaintiff further requests the Court prohibit any transfer of Plaintiff to another prison and require all of Plaintiff's escorts to be recorded on video. (ECF No. 194 at 9–10.) The Court declines to do so. As this Court has repeatedly noted to Plaintiff throughout the course of this litigation (*see, e.g.*, ECF Nos. 36, 65, 120, 147, 152, 154, 189), Plaintiff must pursue unrelated allegations through the prison administrative process and then litigate in a separate action. If Plaintiff wishes to obtain specific relief pursuant to the All Writs Act, he may request such relief in a separately filed motion. Plaintiff is reminded that, to obtain an order under the All Writs Act, he must demonstrate his requested relief is "necessary" and is not available through some alternative means. *Clinton v. Goldsmith*, 526 U.S. 529 (1999).

approximately one month to pack and make all other appropriate preparations for his transportation from California State Prison, Corcoran in order to appear at trial. Second, the excuse that is based on Plaintiff's accusations of murder against nonparty Officer Barnes is also unavailing because such accusations are not only unsubstantiated, but directly contradicted by the sworn statement produced by Defendant. Finally, Plaintiff has provided no authority — and indeed there appears to be none — for the contention that prison correctional officers are required to use "controlled force" to physically compel a non-consenting prisoner to board a transportation vehicle in order to ensure the prisoner's appearance at court for a civil litigation the prisoner himself elected to file. For these reasons, the Court finds Plaintiff's excuses in support of his responses to the Order to Show Cause for his refusal to board the transportation bus and subsequently appear at trial are unavailing.

Nevertheless, the Court declines to grant Defendant's request to impose the harsh sanction of dismissal at this time. *See United States v. Nat'l Med. Enterprises, Inc.*, 792 F.2d 906, 912–13 (9th Cir. 1986) ("The sanction of dismissal should be imposed only in extreme circumstances and . . . only if the deceptive conduct is willful, in bad faith, or relates to the matters in controversy in such a way as to interfere with the rightful decision of the case.") (citations omitted); *see also Malone v. U.S.P.S.*, 833 F.3d 128, 130 (9th Cir. 2002) (a district court must consider the following factors in determining whether to dismiss a case for failure to comply with an order: (1) the public's interest in expeditious resolution of litigation; (2) the trial court's interest in docket control; (3) prejudice to the defendant; (4) consideration of less drastic alternatives; and (5) prior warning to the plaintiff that failure to obey a court order will result in dismissal).

The Court will permit Plaintiff one last chance to pursue this litigation, if he chooses to do so. However, Plaintiff is cautioned that, should he fail to obey an order of this Court a second time, such actions will result in dismissal of this case.

Accordingly, IT IS HEREBY ORDERED that:

(1) the Order to Show Cause (ECF No. 191) is DISCHARGED and no sanctions are imposed; and

(2) Not later than twenty (20) days from the date of electronic filing of this Order,

Plaintiff shall file a status report with the Court indicating how he wishes to proceed in this action. Plaintiff is further cautioned that a failure to comply with this Order, or any subsequent order of the Court, will result in dismissal of this case pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: January 30, 2020

Troy L. Nunley
United States District Judge