UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>        Plaintiff,<br><br>        v.<br><br>J. WRIGHT,<br><br>        Defendant. | No. 2:15-cv-01645-TLN-EFB<br><br>**ORDER OF DISMISSAL** |

On January 9, 2020, the Court vacated the trial date for the above-captioned matter and ordered Plaintiff Allen Hammler ("Plaintiff"), a state prisoner proceeding *pro se*, to show cause as to why the case should not be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute as a result of Plaintiff's refusal to board the transportation vehicle and subsequent failure to appear at trial. (ECF No. 191.) Plaintiff filed a response as well as a supplemental response to the Court's Order to Show Cause (ECF Nos. 193, 194), to which Defendant subsequently responded (ECF No. 195).

On January 31, 2020, this Court rejected Plaintiff's "causes" for failing to board the transport bus in order to appear at trial as unsubstantiated and unavailing.[1] (ECF No. 196 at 3.)

---

[1] The Court also denied Plaintiff's request for an order pursuant to the All Writs Act, to the extent such request was made (*see* ECF No. 194 at 9–10), noting that Plaintiff must pursue specific relief pursuant to the All Writs Act in a separately filed motion which demonstrated his requested relief was "necessary" and not available through some alternative means. (ECF No.

1

Nevertheless, the Court discharged the Order to Show Cause in order to permit Plaintiff one final opportunity to pursue this litigation. (*Id.*) The Court ordered Plaintiff to file a status report no later than 20 days from the date of electronic filing of the Court's Order indicating how he wished to proceed in this action. (*Id.* at 3–4.) Further, the Court warned Plaintiff that it would dismiss the case if he again failed to obey an order of this Court. (*Id.*)

Plaintiff, however, did not file a status report with the Court. Instead, Plaintiff filed a nine-page "Reply to Defendant's Response to Declaration to Order to Show Cause," which appears to be a continuation of Plaintiff's ongoing arguments and accusations against (nonparty) Correctional Officer Burnes, whom Plaintiff again blames for his decision not to board the transport bus in order to appear at trial. (ECF No. 197.) Indeed, rather than request the Court proceed to trial on the instant civil matter, Plaintiff requests the Court hold a formal hearing in order to allow Plaintiff to "present testimony" against Officer Burnes and to "determine the true cause of Plaintiff's not being transported to trial." (ECF No. 197 at 3, 6, 8.) Not only is this line of argument entirely unrelated to the instant civil action, it is possibly the subject of another civil action Plaintiff filed against prison officials within the last year.[2] In sum, Plaintiff has again failed to obey an order of this Court. Furthermore, the Court finds Plaintiff's repeated willful failures to comply with the Court's orders warrant dismissal of this action.

The Court has the inherent power to dismiss an action to ensure the orderly administration of justice and the integrity of its orders. *Phoceene Sous-Marine S.A. v. U.S. Phosmarine, Inc.*, 682 F.2d 802, 806 (9th Cir. 1982); *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1338 (9th Cir. 1085); *see also McVeigh v. Climate Changers, Inc.*, 704 Fed. App'x. 694, 695 (9th Cir. 2017) (upholding sanction of dismissal where plaintiff failed to comply with the court's discovery

---

196 at 2 fn. 1 (citing *Clinton v. Goldsmith*, 526 U.S. 529 (1999)).) The Court further admonished Plaintiff that he must pursue unrelated allegations through the prison administrative process and then litigate in a separate action. (*Id.*)

[2] *See, e.g.*, *Hammler v. Director of CDCR*, No. 2:17-cv-01949-MCE-DB (E.D. Cal. Sep. 20, 2017), appeal filed No. 19-17302 (9th Cir. Nov. 12, 2019); *Hammler v. Cota*, No. 2:19-cv-01423-JAM-EFB (E.D. Cal. Jun. 4, 2019); *Hammler v. Baugham*, No. 2:19-cv-00245-CDK (E.D. Cal. Feb. 6, 2019).

orders and failed to appear for deposition).  A district court must consider the following factors in determining whether to dismiss a case for failure to comply with an order: (1) the public's interest in expeditious resolution of litigation; (2) the trial court's interest in docket control; (3) prejudice to the defendant; (4) consideration of less drastic alternatives; and (5) prior warning to the plaintiff that failure to obey a court order will result in dismissal.  *Malone v. U.S.P.S.*, 833 F.2d 128, 130 (9th Cir. 2002).  It is not necessary for a district court to make explicit findings to show that it has considered these factors.  *Id.* (citing *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)).  The Ninth Circuit "may affirm a dismissal where at least four factors support dismissal … or where at least three factors 'strongly' support dismissal."  *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

First, the public's interest in expeditiously resolving this litigation weighs in favor of dismissal.  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002), *cert. denied*, 538 U.S. 909 (2003) ("The public's interest in expedition resolution of litigation always favors dismissal.").  This action was commenced on August 3, 2015, approximately four and a half years ago.  Since then, Plaintiff has repeatedly failed to comply with the Court's orders concerning the requirements of seeking relief through the prison administrative process and/or a separate action, and the Local Rules governing motion filing.  (*See, e.g.*, ECF No. 36 at 5; ECF No. 65 at 6–8; ECF No. 69 at 2; ECF No. 120 at 2–3; ECF No. 147 at 2; ECF No. 152 at 1–3; ECF No. 189 at 2.)  The unnecessary complexity and prolixity of Plaintiff's improper filings have burdened Defendant and the Court by unjustifiably multiplying the litigation.

The Court's need to manage its docket also weighs strongly in favor of dismissal.  The Court's docket is very crowded, its caseload heavy, and the docket cannot be managed efficiently if Plaintiff, as here, willfully and repeatedly refuses to comply with Court orders.  *See* Lawrence J. O'Neill, *An Important Letter to Congress from the Judges of the Eastern District of California Regarding Our Caseload Crisis*, United States District Court, Eastern District of California (Jun. 19, 2018), http://www.caed.uscourts.gov/caednew/index.cfm/news/important-letter-re-caseload-crisis/; *see also Pagtalunan*, 291 F.3d at 642 ("Pagtalunan's petition has consumed some of the court's time that could have been devoted to other cases on the docket"); *Ferdik v. Bonzelet*, 963

F.2d 1258, 1261 (9th Cir. 1992), *cert. denied*, 506 U.S. 915 (1992) ("It is incumbent upon us to preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants like Ferdik.").

The risk of prejudice to Defendant also weighs strongly in favor of dismissal. In determining whether Defendant has been prejudiced, the Court considers whether Plaintiff's actions have impaired Defendant's ability to go to trial or threaten to interfere with the rightful decision of the case. "Prejudice from unreasonable delay is presumed." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.* (*Phenylpropanolamine*), 460 F.3d 1217, 1236 (9th Cir. 2006) (failure to produce discovery as ordered sufficiently prejudiced the defendant to support dismissal). This action was filed approximately four and a half years ago and pertains to actions that occurred on October 20, 2014. Because of Plaintiff's willful failure to appear at trial, and given the Court's full docket, the parties will likely not receive a new trial date for 1–2 years. This additional delay, which was unnecessarily caused by Plaintiff's willful actions, significantly prejudices Defendant's ability to defend this action. *See Pagtalunan*, 291 F.3d at 643 ("Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale.").

Furthermore, Defendant thus far has dedicated significant time and resources to defending this action — which includes responding to each of Plaintiff's filings pertaining to allegations not related to this action and preparing for a trial that required the coverage and transportation of six inmate witnesses from various prison locations and five CDCR employee witnesses. Plaintiff, who is proceeding *in forma pauperis* and receives all legal materials he requires from CDCR, essentially wasted the time and resources of Defendant, CDCR, and eleven witnesses when he arbitrarily refused to board the transport bus to attend trial for his own civil litigation, for reasons that this Court has deemed to be unavailing. Moreover, in light of Plaintiff's recent continued arguments against nonparty Officer Barnes, further justifications for his refusal to board the transport bus, and additional allegations not related to this action, the Court concludes that even if trial were rescheduled and Defendant expended even more time and resources to ensure the

///

attendance of all the other parties a second time, it is still very possible Plaintiff would again refuse to be transported for trial at that time.

With regard to the availability of lesser sanctions, "[w]arning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement." *Phenylpropanolamine*, 460 F.3d at 1229; *Malone*, 833 F.2d at 132–33. Here, the Order discharging the prior order to show cause specifically stated: "Plaintiff is cautioned that, should he fail to obey an order of this Court a second time, such actions will result in dismissal of this case." (ECF No. 196 at 3); *see also Williams v. Clark*, 698 Fed. App'x. 555, 555–56 (9th Cir. 2017) (affirmed dismissal for failure to file pretrial statement after ordered twice by the court to do so). Indeed, Plaintiff has been warned on multiple occasions throughout this litigation that his failure to comply with the Court's orders may result in dismissal. (*See* ECF No. 8 at 4; ECF No. 69 at 2; ECF No. 191 at 2.)

Because the Court previously advised Plaintiff to comply with the Court's orders, gave him additional opportunities to comply, and warned him it would dismiss the case if he failed to comply, Plaintiff's continued refusal to comply with this Court's orders — specifically the Court's January 31, 2020 Order — is deemed willful and vexatious. Simply put, Plaintiff's conduct establishes that he will not follow the Court's orders. Four of the five factors therefore weigh in favor of dismissal of this case pursuant to the Court's inherent power. As such, Plaintiff's willful disobedience of this Court's orders precludes his right to pursue this litigation.

Accordingly, the Court hereby DISMISSES the case pursuant to the Court's inherent power to dismiss an action to ensure the orderly administration of justice and the integrity of its orders. The parties' motions *in limine* (ECF Nos. 174, 175, 176) are DENIED as moot. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated: February 19, 2020

Troy L. Nunley
United States District Judge

5