UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER, | No. 2:15-cv-1645-TLN-EFB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| J. WRIGHT, | |
| Defendant. | |

This section 1983 action was set for trial on January 13, 2020. ECF No. 134. Three days before trial, counsel for defendant notified the court that plaintiff had refused to board the transport charged with producing him for trial. *See* ECF No. 191. On January 31, 2020, the district judge found fault with plaintiff's decision not to board the transport but permitted plaintiff "one last chance to pursue this litigation." *See* ECF No. 196 at 3. That order directed plaintiff to file – within twenty days of the order's entry - a status report indicating how he intended to proceed in this action. *Id.* at 3-4. Plaintiff's status report was due on February 20, 2020. When that date passed without a status report appearing on the docket, the district judge on February 21, 2020 entered an order (and accompanying judgment) dismissing the case pursuant to the court's inherent power to dismiss an action to ensure the orderly administration of justice and the integrity of its orders. ECF Nos. 198 & 199. Three days later, on February 24, 2020, plaintiff's status report was filed on the docket. ECF No. 200. Thereafter, he filed a motion for

reconsideration (ECF No. 201) and a motion for ruling on his motion for reconsideration (ECF No. 202). After review of the motion for reconsideration, it is recommended that it be granted.

As a threshold matter, this recommendation does not reach or weigh upon the question of whether terminating sanctions should have issued after plaintiff refused to board the prison transport. That question was before the district judge and, in a reasoned decision, he declined to issue terminating sanctions. *See* ECF No. 196. Thus, the only pertinent question is whether plaintiff has shown cause to reconsider the dismissal for failure to file a timely status report. The court concludes that he has.

As noted, plaintiff filed his report on February 24, 2020. It was due on February 20, 2020. The prison mail box rule provides that an inmate's document is filed at the time it is delivered to prison authorities for mailing rather than the date it actually appears on the court docket. *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988); *see also Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) ("Under the 'mailbox rule,' a pro se prisoner's filing of a state habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of the court."). Plaintiff's status report is dated February 19, 2020 and the attached certificate of service indicates that it was placed in the mail at Corcoran State Prison on that date. ECF No. 200 at 3-4. Thus, it appears to have been timely filed.

The status reports also fulfills the requirement which the district judge set out in his January 31, 2020 order, which directed plaintiff to "indicat[e] how he wishes to proceed in this action." ECF No. 196 at 4. In his status report, plaintiff states that "[i]t has been ensured that plaintiff will have no issues with transportation . . . ." ECF No. 200 at 2. He requests that a new trial date be set and that new writs be issued. *Id.* at 2-3.[1]

/////
/////
/////
/////

---

[1] Plaintiff also filed a motion for a ruling on his request for reconsideration. ECF No. 202. That motion is DENIED as MOOT.

Accordingly, it is ORDERED that plaintiff's motion for a ruling on his request for reconsideration (ECF No. 202) is DENIED as MOOT.

Further, it is hereby RECOMMENDED that:

1. Plaintiff's motion for reconsideration (ECF No. 201) be GRANTED; and

2. This action be re-opened and a new trial schedule be set at the district judge's discretion.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 19, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE