UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER, | No. 2:15-cv-01645-TLN-EFB |
| Plaintiff, | |
| v. | **ORDER** |
| J. WRIGHT, | |
| Defendant. | |

Plaintiff Allen Hammler ("Plaintiff"), a state prisoner proceeding *pro se*, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 19, 2020, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 203.) Defendant Correctional Officer J. Wright ("Defendant") filed Objections to the Findings and Recommendations. (ECF No. 204.) Plaintiff filed an Opposition to Defendant's Objections. (ECF No. 205.)

This Court reviews *de novo* those portions of the proposed findings of fact to which objection has been made. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982); *see*

1 *also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009). As to any portion of the proposed
2 findings of fact to which no objection has been made, the Court assumes its correctness and
3 decides the motions on the applicable law. *See Orand v. United States*, 602 F.2d 207, 208 (9th
4 Cir. 1979). The magistrate judge's conclusions of law are reviewed *de novo*. *See Britt v. Simi
5 Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

6 Having carefully reviewed the entire file under the applicable legal standards, and good
7 cause appearing, the Court finds that it is appropriate to adopt in part and reject in part the
8 Findings and Recommendations for the reasons stated herein.

9 **I.    FACTUAL AND PROCEDURAL BACKGROUND**

10 This case was previously set for trial on January 13, 2020. (ECF No. 134.) However, on
11 January 10, the Court was notified that Plaintiff had refused to board the vehicle designated to
12 transport him to California State Prison-Folsom so that Plaintiff could attend trial. (*See* ECF No.
13 191.) Consequently, the Court vacated the trial date and ordered Plaintiff to show cause as to
14 why the case should not be dismissed with prejudice under Federal Rule of Civil Procedure 41(b)
15 for failure to prosecute as a result of Plaintiff's refusal to board the transportation vehicle and
16 subsequent failure to appear at trial. (ECF No. 191.)

17 Plaintiff filed a declaration, response, and supplemental response to the Court's Order to
18 Show Cause in which he provided multiple explanations for his failure to board the transportation
19 vehicle. (ECF Nos. 193, 194.) Most notably, Plaintiff claimed he feared a correctional officer
20 not related to this litigation intended to murder him while he was awaiting his transport, in order
21 to prevent Plaintiff from testifying against him in another unrelated matter. (*See* ECF No. 193 at
22 3–4; ECF No. 194 at 1–8.) Plaintiff further asserted that, in the event that he refused to be
23 transported for trial, correctional officers should have utilized "controlled force" to ensure
24 Plaintiff was placed on the transportation vehicle in order to attend trial. (ECF No. 193 at 4.)
25 Defendant filed a response to Plaintiff's filings, in which he refuted Plaintiff's accusations and
26 contentions. (*See* ECF No. 195.) While the Court determined Plaintiff's justifications were
27 unavailing, it nevertheless discharged the Order to Show Cause and provided Plaintiff a final
28 chance to pursue the litigation, directing Plaintiff to file a status report indicating how he wished

to proceed in the action. (ECF No. 196.) The deadline for Plaintiff to file the status report was February 20, 2020. (*See id.* at 3–4.) The Court further cautioned Plaintiff that any further failure to comply with any order of the Court would result in dismissal of the case pursuant to Federal Rule of Civil Procedure 41(b). (*Id.* at 4.)

Plaintiff submitted a "Reply," which was entered on the docket on February 10, 2020. (ECF No. 197.) The Reply consisted of additional allegations against nonparty Burnes and argument regarding Plaintiff's decision not to board the transport vehicle for trial. (*Id.*) On February 21, 2020, the Court found Plaintiff's Reply did not indicate how Plaintiff wished to proceed in the instant case and therefore did not comply with the Court's Order. (ECF No. 198.) Accordingly, the Court dismissed the action based on Plaintiff's failure to comply with the Court's orders. (*Id.*) Judgment was entered the same day. (ECF No. 199.)

On February 24, 2020, Plaintiff's "Status Report" was entered on the docket. (ECF No. 200.) Pursuant to the mailbox rule, however, Plaintiff's Status Report was deemed filed on February 19, 2020.[1] (*See id.* at 4); *Houston v. Lack*, 487 U.S. 266, 274 (1988) (under the "prison mailbox rule," a court document is deemed filed as of the date the prisoner delivers it to prison officials to be mailed to the court).

Plaintiff filed the instant Motion for Reconsideration on March 8, 2020, and it was entered on the docket on March 30, 2020. (ECF No. 201 at 5); *Houston*, 487 U.S. at 274.

**II.    STANDARD OF LAW**

The Court may grant reconsideration under either Federal Rule of Civil Procedure ("Rule") 59(e) or 60(b). *See Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995). A motion to alter or amend a judgment under Rule 59(e) must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Therefore, a "motion for reconsideration" is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within 28 days of entry of judgment. *Rishor v. Ferguson*, 822 F.3d 482, 489–90 (9th Cir. 2016); *see Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001). Otherwise, it is

---

[1] The Court additionally notes that, pursuant to the prison mailbox rule, Plaintiff's Reply was deemed filed on January 31, 2020. (ECF No. 197 at 9); *Houston*, 487 U.S. at 274.

treated as a Rule 60(b) motion for relief from judgment or order. *Id.* Here, Plaintiff's Motion was filed within 28 days of entry of Judgment and is therefore construed as a motion to alter or amend the judgment under Rule 59(e). (*See* ECF Nos. 199, 201); *Houston*, 487 U.S. at 274.

Rule 59(e) does not list specific grounds for a motion to amend or alter, therefore the district court enjoys considerable discretion in granting or denying the motion. *Allstate Ins. Co. v. Herron (Allstate Ins. Co.)*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Id.* Reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *McDowell*, 197 F.3d at 1255 (emphasis in original). Indeed, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* at 1255 n.1. Further, "[a] motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co. (Marlyn)*, 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

### III.   ANALYSIS

In moving for reconsideration, Plaintiff argues the Court prematurely dismissed the action because he timely filed a status report in compliance with the Court's order. (ECF No. 201 at 1.) The Findings and Recommendations found that Plaintiff had timely submitted a status report under the prison mailbox rule and recommended granting reconsideration of the dismissal, reopening the case, and setting a new trial date. (ECF No. 203.) The Court agrees with the Findings and Recommendations to the extent that, under the prison mailbox rule, Plaintiff's Status Report was timely filed in response to the Court's January 31, 2020 Order. (*See* ECF No. 196 at 3; ECF No. 201 at 5); *Houston*, 487 U.S. at 274. Therefore, the Court finds circumstances

warrant reconsideration under Rule 59(e).  Fed. R. Civ. P. 59(e); *Allstate Ins. Co.*, 634 F.3d at 1111.

Upon reconsideration, however, the Court finds dismissal is still appropriate.  In his Status Report, Plaintiff assures the Court that

> Plaintiff will have no issues with the Transportation Fore he here and now would ask the Court to along with the newly issued writs to issue "Extraction orders" For Forcefull attendence of all the Incarcerated witnesses, himself included.

(ECF No. 200 at 2.)  A fair reading of Plaintiff's statement is that his willingness to board the transportation vehicle to attend his own trial is contingent upon the Court's issuance of additional orders — specifically, orders requiring the prison correctional officers to use "controlled force" to physically compel Plaintiff to board the transportation vehicle — orders which this Court has already forewarned Plaintiff it will not issue.  (*See* ECF No. 196 at 3.)  Moreover, Plaintiff had an opportunity to correct any misconstruction of the Status Report in his subsequent filing, yet he did not attempt to retract this condition to his compliance but instead sought to justify it.  (*See* ECF No. 205 at 1.)  As such, the Court finds Plaintiff's Status Report demonstrates he is neither willing to proceed with trial of his own volition nor willing to comply with the Court's orders.  Therefore, the Court finds that reopening this case and issuing a new trial date is unwarranted.

## IV.  CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations filed May 19, 2020 (ECF No. 203), are adopted in part and rejected in part as follows:

    a) Plaintiff's Motion for Reconsideration (ECF No. 201) is GRANTED; and

    b) Upon reconsideration, Plaintiff's request to reopen this case and set a new trial date is DENIED.

IT IS SO ORDERED.

Dated:  February 9, 2021

Troy L. Nunley
United States District Judge