UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>    Plaintiff,<br><br>    v.<br><br>J. WRIGHT,<br><br>    Defendant. | No. 2:15-cv-01645-TLN-EFB<br><br>**ORDER** |

On February 21, 2020, this civil rights case was dismissed pursuant to the Court's inherent power to dismiss an action to ensure the orderly administration of justice and the integrity of its orders. (ECF No. 198.) Judgment was duly entered. (ECF No. 199.)

On March 8, 2020, Plaintiff filed a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[1] (ECF No. 201.) On February 11, 2021, the Court found that circumstances warranted reconsideration under Rule 59(e). (ECF No. 206 at 4–5.) Nonetheless, upon reconsideration, the Court determined that the dismissal was still appropriate. (*Id.* at 5.)

///

///

---

[1] The motion was entered on the docket on March 30, 2020.

1

On February 21, 2021, Plaintiff filed a second motion for reconsideration.[2] (ECF No. 207.) That motion, also filed pursuant to Rule 59(e), is denied as untimely. *See* Fed. R. Civ. P. 59(e) (motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment). Even liberally construed as a Rule 60(b) motion, it is denied.

Rule 60(b) provides for reconsideration of a final judgment where one of more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within twenty-eight days of entry of judgment; (3) fraud, misrepresentation, or misconduct of an opposing party; (4) voiding of the judgment; (5) satisfaction of the judgment; and (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). In his motion, Plaintiff "seeks to explain himself" and his position as it relates to obtaining his attendance for trial in this case. (ECF No. 207 at 1.) Plaintiff's change in position (or clarification thereof) does not satisfy the Rule 60(b) standards. Indeed, a motion for reconsideration "'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

Accordingly, IT IS ORDERED that Plaintiff's February 21, 2021 Motion to Reconsider (ECF No. 207) is DENIED.

DATED: April 30, 2021

　　　　　　　　　　　　　　　　　　　Troy L. Nunley
　　　　　　　　　　　　　　　　　　　United States District Judge

---

[2] The second motion was entered on the docket on February 26, 2021.